

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 9, 1951

Hon. D. E. McGlasson, Jr.      Opinion No. V-1340
County Attorney
Randall County                 Re: Applicability of $4.00
Canyon, Texas                      sheriff's fee in the
                                   described proceedings
Dear Sir:                          in a justice court.

          Your request for an opinion relates to
a factual situation wherein eleven boys were charged
in justice court, upon complaint of the manager of a
State park, with disturbing the peace in such park.
The boys voluntarily appeared before the justice of
the peace, who examined them, took a plea of guilty,
and assessed a fine and court costs. A deputy sher-
iff was requested by the justice of the peace to
assist the court. Upon the refusal of a number of
the boys to pay their fines, the justice of the peace
committed them to the deputy sheriff, who took their
names. They paid their fines, with the exception of
one boy, and as the deputy sheriff proceeded to leave
the room with the boy in his custody, the justice of
the peace requested of the deputy sheriff to let the
boy go, upon the condition he would pay the fine lat-
er, which he did. The question presented is: Is a
sheriff's fee of $4.00 authorized as costs against
the defendants?

          Article 1072, V.C.C.P, is as follows:

     "Sheriffs and constables serving pro-
     cess and attending any examining court in
     the examination of a misdemeanor case shall
     be entitled to such fees as are allowed by
     law for similar services in the trial of
     such cases, not to exceed three dollars in
     any one case, to be paid by the defendant
     in case of final conviction."

          This statute does not authorize the allow-
ance of a $3 fee in all events for the sheriff's at-
tendance at an examining trial, but only authorizes

such fees as are allowed for similar services in the trial of the case, not to exceed $3. However, under the facts which you have stated, the sheriff was not entitled to any fees under Article 1072.

In Attorney General's Opinion O-3078 (1941), it was stated:

"1. There is no necessity for an examining trial in a misdemeanor case when the defendant pleads guilty to same and the court has jurisdiction of the offense. For example, if a defendant was charged in the justice court with the offense of public drunkenness and the justice had started an examining trial and if the defendant stated to the court that he desired to plead guilty the justice should abandon the examining trial and enter a judgment against the defendant. Under such circumstances no fees should be allowed for an examining trial. The regular fees provided by law would be payable under such circumstances."

As we view the facts, a plea of guilty was entered by the defendants prior to any examining trial. Therefore, no fees should attach by reason of any examining trial but should attach by virtue of the trial proper.

By virtue of Article 1067, V.C.C.P., the fees set out in Article 1065, V.C.C.P., are chargeable in criminal cases in justice courts. Article 1065, V.C.C.P., is as follows:

"The following fees shall be allowed the sheriff, or other peace officer performing the same services in misdemeanor cases, to be taxes against the defendant on conviction:

" . . .

"5. For each commitment or release, one dollar."

To entitle an officer to receive fees, he must have performed the services for which compensation has been specified. Art. 1011, V.C.C.P.

Attorney General's Opinion O-1189 (1939) held that only where the facts show that the defendant is in the actual and legal custody of a constable at the time he pays his fine is the constable entitled to a release fee.

Attorney General's Opinion O-2788 (1940), relating to arrest, commitment, and release fees, states:

"The Constable is entitled to $1.00 for executing each valid commitment in misdemeanor cases. The commitment issues only after conviction of a defendant. The 'commitment' or authority for imprisonment, which the Constable executes in misdemeanor cases where a pecuniary fine has been adjudged against a defendant, and where the defendant is present, is a certified copy of such judgment, as outlined by Article 787, C.C.P., supra. If in such case the defendant be not present, the 'capias' authorized and described in Articles 788 and 789, C.C.P., supra, is the 'commitment' which the Constable executes. Where the judgment is imprisonment in jail, Articles 795 and 796, C.C.P., supra, apply, and the 'commitment' in such cases would be either a certified copy of the judgment or a 'capias', dependent upon the facts involved therein. The Constable would execute the 'commitment' by placing the defendant in jail as directed in the order; when this was done by virtue of a valid commitment the Constable would have earned his fee and be entitled thereto if, as and when, same was collected.

" . . .

"The Constable is not entitled to a release fee unless he has the defendant in his actual and legal custody at the time the defendant pays his fine and costs or satisfies same by laying it out in jail and the Constable then and there releases the defendant from the force and effect of a judgment restraining him. The term 'release' contemplates a full, final and complete release and discharge from the judgment restraining the defendant."

It is further stated in Attorney General's Opinion V-322 (1947) that a sheriff is not entitled to a fee for commitment of a defendant unless such defendant is confined to the jail; and he is not entitled to a commitment fee for giving the defendant time in which to pay the judgment. But he is entitled to receive $1 for final release of such defendant from his custody upon the payment of the judgment in full if the sheriff had custody of the defendant.

Article 1065, V.C.C.P., has been construed as authorizing a $1 fee for each commitment and a $1 fee for each release. Att'y Gen. Op. V-322. In Ex parte Griffis, 145 S.W.2d 192 (Tex. Crim. 1940), Article 1065 was construed as follows:

"As we understand the statute the 'release' for which the sheriff or constable may have the item of one dollar charged against an accused is the 'release' from the judgment directing that he remain in the officer's custody until the fine and costs are paid.

"If relator had been placed in custody of the constable until the fine and costs were paid, and the constable had agreed that relator might go at large and pay same by installments, he could not defeat the charge of one dollar for 'release' because the constable had favored him with the courtesy mentioned. (We are not discussing or considering the right of the officer to make such an agreement.)

"The issue as to whether relator was properly chargeable with the one dollar for 'release' turns upon the question of whether relator was ever in the constable's custody under the judgment. . . ."

We adhere to the rule stated in Opinion V-322 that where a pecuniary judgment for a fine and costs is rendered against a defendant who is present in court the sheriff is entitled to receive $1 under the provisions of Article 1065, V.C.C.P., for final release of the defendant from his custody when such judgment is paid in full, whether such judgment be paid at the time of its entry or at a later date.

The sheriff is not entitled to receive a fee for commitment in such case unless the defendant is confined in jail.

Therefore in answer to your question, it is our opinion, as it relates to your particular factual situation, that a fee of $3 is not authorized the sheriff for attendance upon the justice court; but he would be entitled to a $1 release fee pursuant to Article 1065, supra, inasmuch as the defendants were in the custody of the deputy sheriff in attendance upon such court after the judgments of guilty were entered. Art. 917, V.C.C.P.; Att'y Gen. Op. O-693 (1939).

## SUMMARY

Where defendants in a misdemeanor case filed in a justice court plead guilty to the offense and the justice of the peace proceeds to hear the case and enter judgment, a sheriff whose deputy is in attendance at the trial is not entitled to any fees pursuant to Article 1072, V.C.C.P., authorizing fees for attending an examining court, but he is entitled to a release fee of $1 for final release of each defendant. Article 1065, V.C.C.P.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

BW:mh

Yours very truly,

PRICE DANIEL
Attorney General

By Burnell Waldrep
Burnell Waldrep
Assistant